IN THE UTAH COURT OF APPEALS

----ooOoo----

| | | |
|---|---|---|
| Living Rivers, | ) | MEMORANDUM DECISION |
| | ) | |
| Petitioner, | ) | Case No. 20110242-CA |
| | ) | |
| v. | ) | |
| | ) | F I L E D |
| Department of Natural Resources, | ) | (May 3, 2012) |
| Division of Oil, Gas, and Mining, | ) | |
| | ) | 2012 UT App 133 |
| Respondent. | ) | |

-----

Original Proceeding in this Court

Attorneys:     Patrick A. Shea and Jacque M. Ramos, Salt Lake City, for Petitioner
Mark L. Shurtleff, Steven F. Alder, Michael S. Johnson, and Emily E. Lewis, Salt Lake City, for Respondent

-----

Before Judges McHugh, Orme, and Thorne.

ORME, Judge:

¶1     Petitioner's contentions in this proceeding for judicial review essentially boil down to two distinct issues. The first is whether, given the evidence it received and its findings of fact derived therefrom,[1] the Board of Oil, Gas, and Mining properly

---

1.  Petitioner does not marshal the evidence in an effort to attack specific findings of fact. And it is readily apparent that the findings are consistent with the evidence

(continued...)

approved a Class II water injection well.  *See generally* Utah Code Ann. § 40-6-5(5) (2010) (granting the Board "exclusive jurisdiction over . . . class II injection wells").  Not surprisingly, given that Petitioner did not put on any evidence of its own and limited its participation at the hearing to cross-examination of witnesses and argument about the evidence submitted by others, essentially all of the evidence before the Board supported the petition.[2]  The evidence included testimony of various experts as well as numerous exhibits.  In this posture, we simply are not persuaded that the Board made an error of law or exceeded its discretion in approving the petition.  *See generally Road Runner Oil, Inc. v. Utah Bd. of Oil, Gas, & Mining,* 2003 UT App 275, ¶ 10, 76 P.3d 692 ("A party alleging substantial prejudice from agency action is entitled to relief only if the agency action is not supported by substantial evidence.") (citations and internal quotation marks omitted).

¶2     We turn now to Petitioner's second issue.  Petitioner contends that the Board erred in not considering a university professor's report Petitioner submitted as a supplement to its motion for reconsideration.  *See generally* Utah Code Ann. § 63G-4-302 (2011) (allowing for a "written request for reconsideration").  However, even if the report was a timely amendment to Petitioner's motion, *see* Utah Admin. Code R641-110-400 ("The Board may set a time for a hearing on said petition *or* may summarily grant or deny the petition.") (emphasis added), and even if the report, construed in conjunction with counsel's letter, could properly have been deemed the equivalent of an affidavit, *see id.* R641-110-200, we would still decline to disturb the Board's determination because the "affidavit" wholly failed to address why Petitioner "could not, with reasonable diligence, have discovered the evidence prior to the hearing," *see id.*

---

1.  (...continued)
received. Petitioner's argument, then, is necessarily a challenge to the Board's ultimate conclusions and approval based on those unchallenged findings of fact.

2.  In so observing, we recognize that Petitioner's counsel joined the fray late in the game and that counsel twice moved for a continuance of the hearing but was denied. Denial of the requested continuances is not at issue.

¶3     For the foregoing reasons, we decline to disturb the Board's decision.

_____
Gregory K. Orme, Judge

-----

¶4     WE CONCUR:

_____
Carolyn B. McHugh,
Presiding Judge


_____
William A. Thorne Jr., Judge